IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 No. CIV-05-0889 BB/LAM
                                                     CR-03-488 BB

STACY CASTILLO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's "Motion For Relief From Judgement (Rule 60(b)(6), F.R.Civ. P.))" (CV Doc. #1; CR Doc. #53) filed August 22, 2005. In the motion Defendant contends that his criminal conviction resulted from a number of constitutional violations. He has previously filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (CR Doc. 44), asserting at least one of the same claims.

    No relief is available under Fed. R. Civ. P. 60(b) on Defendant's claims. After a criminal judgment is entered, the Court's authority to modify a sentence is limited to specific statutory authorization, *see United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997), and no such authority is provided in Fed. R. Civ. P. 60(b), *see Grene v. United States*, 448 F.2d 720, 721 (5th Cir. 1971); *United States v. Wallace*, No. 03-1405, 2003 WL 22927345, at **1 (1st Cir. Dec. 11, 2003). Defendant presents no statutory basis for seeking relief from his criminal judgment.

The relief sought by Defendant, if available, is expressly contemplated by, and may only be sought under, 28 U.S.C. § 2255, which applies where "the sentence was imposed in violation of the Constitution or laws of the United States." The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction, *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive. *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).

In this circumstance, the Court may recharacterize Defendant's motion as a § 2255 motion if "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). Here, however, "[t]hat concern is not triggered [because] the petitioner has previously filed a § 2255 motion," *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at **1 n.5 (10th Cir. Jan. 30, 2004) (citing *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002)), and the motion may be denied without being recharacterized as a § 2255 motion. *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) (declining to recast pro se pleading as § 2255 motion on appeal in light of second-or-successive bar), *cited with approval in United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005). The Court will deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's "Motion For Relief From Judgement (Rule 60(b)(6), F.R.Civ. P.))" (CV Doc. #1; CR Doc. #53) filed August 22, 2005, is DENIED; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE